

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

LHE:NJM/RAS
F. #2016R02114

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 30, 2023

By ECF

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Cristian Godinez
                 Criminal Docket No. 21-622 (LDH)

Dear Judge DeArcy Hall:

      The government respectfully submits this letter in advance of sentencing in the above-referenced case, scheduled for December 15, 2023. On June 20, 2023, the defendant Cristian Godinez pled guilty before United States Magistrate Judge Cheryl L. Pollak to one count of conspiracy to (1) use one or more facilities in interstate and foreign commerce to facilitate the crime of prostitution and (2) use one or more facilities in interstate and foreign commerce to facilitate the crime of bribery. Presentence Investigation Report dated October 4, 2023 ("PSR") ¶ 2. For the reasons set forth below, the government submits that a sentence within the applicable United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") range of 18 to 24 months is sufficient,[1] but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3663(a).

---

[1]     The PSR calculates the defendant's Guidelines range to be 24 to 30 months based on an offense level of 17. This calculation did not take into account amendments to the Guidelines dated November 1, 2024, namely the addition of Guideline 4C1.1, which provides for a two-level reduction to the offense level in cases where the defendant has zero criminal history points. The government submits this adjustment would apply in this case, reducing the defendant's offense level to 15, resulting in a Guidelines range of 18 to 24 months.

I.      Background and Guidelines Calculation

From approximately 2017 to 2021, the defendant operated a prostitution business wherein he transported and directed other to transport women from Queens, New York to Brewster, New York for the purposes of engaging in prostitution. PSR ¶¶ 11, 12. As part of this criminal scheme, Godinez agreed to supply sex workers to Brewster Village Police Officer Wayne Peiffer at no cost, in order to receive Peiffer's protection. Id. at ¶ 14. In exchange for the bribes he received in the form of free commercial sex services, Peiffer would provide assistance to Godinez in avoiding detection and apprehension by law enforcement. Id.

The United States Probation Department calculated the defendant's Guidelines range of imprisonment to be 24 to 30 months based on the below Guidelines calculation:

Count 10a – Travel Act Conspiracy – Bribery

| | |
|---|---|
| Base Offense Level (U.S.S.G. § 2C1.1(b)) | 12 |
| Plus: Offense involved more than one bribe (U.S.S.G. § 2C1.1(b)(1)) | +2 |
| Plus: Offense involved public official in sensitive position (U.S.S.G. § 2C1.1(b)(3)) | +4 |
| Total: | 18 |

Count 10b – Travel Act Conspiracy – Promotion of Prostitution

| | |
|---|---|
| Base Offense Level (U.S.S.G. § 2G1.1(b)(2)) | 14 |
| Plus: Offense involved force, fraud or coercion (U.S.S.G. § 2G1.1(b)(2)) | +4 |
| Total: | 18 |
| Grouping (U.S.S.G. § 3D1.4) | +2 |
| Combined Offense Level: | 20 |
| Minus: Acceptance of Responsibility (U.S.S.G. § 3E1.1) | -3 |
| **Total Offense Level** | **17** |

The government agrees with Probation's Guidelines estimate but to the extent, as noted supra, that the November 1, 2023 amendment to the Guidelines at § 4C1.1 applies and reduces the defendant's offense level two points to 15.

Probation calculates the defendant to have zero criminal history points. PSR ¶ 54. In the plea agreement the government calculated that the defendant fell within Criminal History Category II; this is because it believed that the defendant's 2006 conviction for illegal reentry would result in Criminal History Points under the Guidelines, however, because the defendant was deported on March 31, 2007, and the crimes of conviction began in April 2017, this conviction is too old to yield criminal history points.

Based upon a Criminal History Category of I and an offense level of 15, the defendant's Guidelines range of imprisonment is 18 to 24 months.

II.     A Sentence Within the Guidelines Range is Appropriate Under 18 U.S.C. § 3553(a)

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [it] may not presume that the Guidelines range is reasonable. [It] must make an individualized assessment based on the facts presented." Id. at 50 (citation and footnote omitted).

Title 18, United States Code, Section 3553(a) provides that, in imposing sentence, the Court shall consider:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed—

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct; [and]

        (C)    to protect the public from further crimes of the defendant.

"[I]n determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, [the Court] shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a).

It is well-settled that, at sentencing, "the court is virtually unfettered with respect to the information it may consider." United States v. Alexander, 860 F.2d 508, 513 (2d Cir. 1988).

Indeed, Title 18, United States Code, Section 3661 expressly provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Thus, the Court must first calculate the correct Guidelines range, and then apply the 3553(a) factors to arrive at an appropriate sentence, considering all relevant facts.

The offense at issue in this case is serious; the defendant perpetrated a years-long prostitution scheme and also bribed a police officer to avoid detection. The characteristics of the defendant also merit a Guidelines sentence; while he has no Criminal History Points, he does have a criminal history, see PSR ¶¶ 52-58, notably including a conviction for illegal reentry, after which he evidently reentered the United States again and continued committing crimes in this country.

A Guidelines sentence is also warranted to afford specific and general deterrence. The defendant's repeated unlawful entry into this country and years-long participation in a criminal scheme suggest that some penalty is needed to deter him from continuing a course of crime in this country. General deterrence will also be served by a Guidelines sentence. The defendant was able to carry on his lucrative prostitution operation for a number of years; a Guidelines sentence would communicate that such conduct will ultimately incur a substantial price on the part of perpetrators.

III.     Conclusion

        For the foregoing reasons, the government respectfully requests that the Court impose a sentence in the Guidelines range of 18 to 24 months' imprisonment, which would be sufficient, but not greater than necessary, to achieve the goals of sentencing.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
     Lauren H. Elbert
     Nicholas J. Moscow
     Gillian Kassner
     Rachel A. Shanies
     Assistant U.S. Attorneys
     718-254-7000

cc:    Clerk of the Court (LDH) (by ECF)
       Florian Miedel, Esq. (Counsel to the defendant) (by ECF and e-mail)
       Roberta Holton, Senior United States Probation Officer (by e-mail)